**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAWRENCE VERLINE WILDER, SR.,     :<br>                                  :<br>          Petitioner,             :<br>                                  :<br>     v.                           :<br>                                  :<br>STATE OF NEW JERSEY, et al.,      :<br>                                  :<br>          Respondents.            :<br>                                  : | Civil Action No. 10-3428 (MLC)<br><br>**O P I N I O N** |

**APPEARANCES:**

Lawrence Verline Wilder, Sr., Petitioner Pro Se
113 Winters Lane, Eatonsville, MD 21228

**COOPER**, District Judge

    Petitioner, Lawrence Verline Wilder, Sr., petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he appears to be challenging a New Jersey state court conviction. For the reasons discussed below, Petitioner will be granted 30 days to submit an amended petition, as the petition does not comply with the Section 2254 Habeas Rules. Petitioner must also show that he meets the "in custody" requirement of 28 U.S.C. § 2254, as on the face of the petition it appears that he does not.

**I.  STANDARD OF REVIEW**

    A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

**II. ANALYSIS**

    **A.   Requirements for 28 U.S.C. § 2254 Petitions**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court requires that the petition: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested". Further, Rule 2(d) requires that the petition "substantially follow either the form appended to [the Rules] or a form prescribed by a local district court rule."

This petition does not meet these requirements. It is not clear to the Court the grounds for relief available to Petitioner; the facts supporting the grounds; or the relief requested. Petitioner will be granted 30 days to submit an amended petition that complies with Rule 2 of the § 2254 Habeas Rules.

    **B.   "In Custody" Under 28 U.S.C. § 2254**

It appears from the petition that Petitioner is not incarcerated and resides in Maryland. As such, it appears that Petitioner may not meet the "in custody" requirement of 28 U.S.C. § 2254. Section 2254 provides:

> (a)   The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person <u>in custody</u> pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be "in custody" under the conviction being attacked when the petition is filed, in order for this Court to have jurisdiction.  See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-92 (1989).

Indeed, "custody is the passport to federal habeas corpus jurisdiction." <u>Dessus v. Pennsylvania</u>, 452 F.2d 557, 560 (3d Cir. 1971).  "Custody" is defined not only as physical confinement, but includes circumstances entailing such limitations on a person's liberty as those imposed during parole.  See <u>Maleng</u>, 490 U.S. at 491; <u>see also</u> <u>Hensley v. Mun. Court</u>, 411 U.S. 345 (1973) (determining that habeas petitioner released on his own recognizance, who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  But a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed.  See <u>Maleng</u>, 490 U.S. at 491.

It appears from the face of the petition that Petitioner is not "in custody."  Specifically, though it is not entirely clear

what state court conviction he is challenging, it does appear that he is not currently incarcerated. Further, it does not appear from the face of the petition that Petitioner is currently on probation or parole or in any other way "in custody." Thus, Petitioner may not be entitled to relief under § 2254 and the petition is subject to dismissal for lack of jurisdiction. This Court will order the Petitioner to show cause in writing why the petition should not be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a).

### III. CONCLUSION

This Court finds that the petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court. Petitioner will be granted 30 days to submit an amended petition that complies with the § 2254 Habeas Rules. Further, the Court finds that the petition may be subject to dismissal for lack of jurisdiction because Petitioner is not "in custody". As such, the Court will order Petitioner to show cause why the petition should not be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a). The Court will issue an appropriate order.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:   January 31, 2011