**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
AUG 10 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

LAWRENCE VERLINE WILDER, SR., :
:
    Petitioner, :
:
v. :
:
STATE OF NEW JERSEY, et al., :
:
    Respondents. :
_____:

Civil Action No. 10-3428 (MLC)

MEMORANDUM OPINION

It appearing that:

1. On July 6, 2010, this Court received Petitioner Lawrence Verline Wilder, Senior's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 1.) After conducting its initial screening, the Court found that the Petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Court. (ECF Nos. 3-4.) The Court also found that Petitioner did not appear to be "in custody" at the time he filed the instant matter, which is a requirement to bring a § 2254 petition. (*Id.*) Based on those findings, the Court granted Petitioner 30 days to file an amended petition which met the requirements of Rule 2, and to show cause why the Petition should not be dismissed for failure to meet the "in custody" requirement. (*Id.*) Petitioner failed to respond and the Court entered an order on April 11, 2011 dismissing the Petition in its entirety. (ECF No. 4.)

2. Over four years later, on December 7, 2015, the Court received a submission from Petitioner entitled "Rule 60 Motion Writ of Habeas Corpus Motion to Appoint Effective Counsel,"

which appears to be a motion to re-open.[1]  (Motion ("Mot."), ECF No. 6.)  The contents of the submission are substantially similar to his original Petition.

3.  Though it is not clear exactly what action Petitioner wants this Court to take, the Court does note that "[a] federal court ... may not use a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it."  *In re Pettaway*, 618 F. App'x 164 (3d Cir. 2015) (citing *In re Grand Jury Proceedings*, 654 F.2d 268, 278 (3d Cir. 1981)).  To the extent he is challenging a state court conviction under § 2254, Petitioner still failed to file an amended petition which clearly and concisely states his grounds for habeas relief and failed to show that he is "in custody" pursuant to the conviction he is challenging.  (*See* ECF No. 2 at 2-4.)

4.  Because Petitioner has not complied with the Court's January 2011 Opinion and Order and it is unclear to the Court what other relief, if any, he is seeking, Petitioner's Motion to Re-Open (ECF No. 6) is DENIED.  An appropriate order follows.

*Mary L. Cooper*
Mary L. Cooper, U.S.D.J.

---

[1] While Petitioner includes a reference to "Rule 60," he not provided any facts which would entitle him to relief under said rule.  *See* FED. R. CIV. P. 60 ("[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.... A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding").

2