**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAWRENCE VERLINE WILDER, SR.<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, *et al*<br><br>Respondents. | Civil Action No. 10-3428 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the "Motion to Reopen Case and to Appoint Pro Bono" (Motion to Reopen and to Appoint Counsel) filed by *pro se* Petitioner Lawrence Verline Wilder, Sr. (ECF No. 10.) For the reasons set forth below, the Motion is **DENIED** without prejudice because Petitioner has failed to comply with Local Civil Rule 10.1.

On or about July 6, 2010, Petitioner submitted a petition for a writ of habeas corpus (Petition) and an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.)

On January 31, 2011, the Honorable Mary L. Cooper, U.S.D.J. granting Petitioner 30 days to submit an amended petition that complied with Rule 2 of the § 2254 Habeas Rules by stating the grounds for relief available to him, the facts supporting the grounds, and the relief he was requesting. (*See* ECF No. 3 at 1); *Wilder v. New Jersey*, No. 10-3428, 2011 WL 317967 (D.N.J. Jan. 31, 2011). Petitioner was provided with the applicable blank form and given notice that, should he fail to submit the requisite amended petition within 30 days, the Court would enter an order without further notice dismissing his Petition pursuant to 28 U.S.C. § 2243. (ECF No. 3 at

1.)  Petitioner was also ordered to show cause in writing why the Petition should not be dismissed for failure to satisfy the 'in custody' requirement under 28 U.S.C. § 2254(a).  (*Id.* at 2.)

On April 11, 2011, Judge Cooper dismissed the Petition without prejudice because Petitioner submitted neither an amended petition nor a response to the order to show cause.  (ECF No. 4 at 1-2.)  Furthermore, Judge Cooper directed the Clerk of the Court to mark this matter closed.  (*Id.*)

On December 7, 2015, Petitioner filed a submission docketed as a "Motion to Appoint Effective Counsel" and entitled "Rule 60 Motion Writ of Habeas Corpus Motion to Appoint Effective Counsel."  (ECF No. 6.)  According to the envelope, the submission was sent from:

> Lawrence Wilder Sr
> 1101 Chestnut Street
> Wilmington, NC 28401

(*Id.* at 33.)

On August 10, 2016, Judge Cooper directed the Clerk to reopen this matter, construed Petitioner's August 10, 2016 motion as a motion to reopen, denied the motion to reopen, and ordered the Clerk of the Court to mark this matter closed.  (ECF No. 7 at 1-2; ECF No. 8 at 1.)

On or about January 15, 2025,[1] Petitioner filed the pending Motion to Reopen and to Appoint Counsel.  According to the envelope and Petitioner's declaration of mailing/filing, Petitioner was confined at the Lumberton Correctional Institution in Lumberton, North Carolina. (ECF No. 10 at 14-15.)

The Honorable Renee Marie Bumb, U.S.C.D.J., entered a text order on January 28, 2025 reassigning this matter from Judge Cooper to the Undersigned.  (ECF No. 9.)  On March 11, 2025,

---

[1]    *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

an ECF notice of electronic filing mailed to Petitioner's Wilmington, North Carolina address was returned as undeliverable.  (ECF No. 11.)  The "Return to Sender" label indicates that the addressee moved and left no address and that the mailing could not be forwarded.  (*Id.* at 1.)

On April 1, 2025, the Clerk received a submission from Petitioner, which was mailed from the Lumberton Correctional Institution and docketed as an "Offender Request Information Form." (ECF No. 12 at 2-3.)

A search of the North Carolina Department of Adult Correction Offender Public Information Database indicates that Petitioner was paroled from the Lumberton Correctional Institution on June 2, 2025.[2]  Petitioner has not contacted the Court to provide an updated address.

Local Civil Rule 10.1(a) provides, in relevant part:

> [U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.  Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a complaint without prejudice is an appropriate remedy for noncompliance with this rule.  *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015). Failure to provide an updated address within 30 days of the date of this Order may result in dismissal of this matter for lack of prosecution.

**IT IS**, therefore, on this 7th day of August, 2025, **ORDERED** as follows:

1. The Clerk of the Court shall **REOPEN** this matter to permit this Court to decide Petitioner's Motion to Reopen and to Appoint Counsel (ECF No. 10).

2. Petitioner's Motion to Reopen and to Appoint Counsel (ECF No. 10) is **DENIED**

---

[2] North Carolina Department of Adult Correction, Offender Information, available at https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1471620&searchLastName=Wilder&searchFirstName=Lawrence&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (Offender Number 1471620) (last visited Aug. 6, 2025).

**without prejudice** under Local Civil Rule 10.1(a).

3.  The Clerk of the Court shall **TERMINATE** the Motion pending at ECF No. 10.

4.  The Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for failure to comply with Local Civil Rule 10.1(a), **without prejudice**.

5.  If Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall show good cause why he did not timely apprise the Court of his new address.

6.  Failure to comply with this Order may result in the matter being dismissed for lack of prosecution.

7.  The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail at his last known address (Lawrence Verline Wilder 1471620 (Kitchen), Lumberton Correctional Institution, 75 Legend Road, Lumberton, NC 28358).

_____
GEORGETTE CASTNER
United States District Judge

4